### RICE *v.* CALDWELL ET AL.

[No. 12,683. Filed March 8, 1928. Rehearing denied June 29, 1928.]

*Means & Buenting, Richard L. Ewbank* and *Charles Tindall,* for appellant.

*Matson, Carter, Ross & McCord* and *Cook & Walker,* for appellees.

PER CURIAM.—This is an action by appellant against Rebecca J. Caldwell to recover on a contract for services rendered in building two houses on a cost-plus contract, and to foreclose a mechanic's lien. Frank B. Hunter, as architect, prepared the plans and specifications for the building, and, as such, acted as superintendent over the letting of the contracts, buying of materials, and supervising the work on the buildings as the representative of Mrs. Caldwell. The houses were built in the fall and winter of 1920. Appellee paid for all the labor and materials in connection with the work, but has not paid appellant anything for his services. A trial by the court resulted in a judgment against appellant. Appellant presents as error the overruling of his motion for a new trial, it being contended that the decision is not sustained by sufficient evidence. A decision of the question presented necessarily depends upon a consideration of the evidence.

Appellee contends that the evidence shows that appellant and the architect entered into a conspiracy to greatly increase the cost of the building to their financial advantage at the cost of appellee, and that their conduct amounted to such a fraud as to prevent a recovery by appellant. There is evidence from which the court might have found that, before the agreement was entered into with appellant, the architect acting for appellee secured an estimate on the cost of constructing the buildings, such cost being estimated at about $26,000; that the architect advised appellee that the

estimate was too high; that if she would let the contract to appellant on a cost-plus contract, she could save about $3,000 on the cost of the two buildings. Appellee, having confidence in the architect and relying on his advice, entered into the contract sued on with appellant who, at that time, occupied a suite of offices with the architect. Under this plan of constructing the buildings, they cost appellee for labor and materials $47,000. Appellant says the buildings as built were constructed out of much more costly materials than first planned; that appellee insisted on the best of materials and workmanship and by making changes increased the cost of the building, while, as stated, appellee claims there was a conspiracy between appellant and the architect to have the contract let to appellant with the fraudulent intent and purpose of increasing the cost and that, in constructing the building, they did not accept the lowest offers in a number of instances for the furnishing of materials, etc.

It may be that an injustice has been done appellant, but it is one of those cases where there is evidence sufficient to sustain the finding of the trial court, and under a well-settled rule, this court will not reverse a judgment where it is sustained by any evidence.

The evidence would have sustained a decision in favor of appellant as contended for by him, but the question before us is whether it sustains a finding for appellee. It is our judgment that the evidence is sufficient to sustain the finding and judgment for appellee. Nothing can be gained by setting out the evidence of the several witnesses.

Judgment affirmed.

Dausman, J., absent.